**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **DOROTHY HEGWOOD, et al.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | **Civil Action No. 3:04-CV-2674-BH (G)** |
| **v.** | § | |
| | § | **ECF** |
| **ROSS STORES, INC.,** | § | |
| | § | |
| **Defendant.** | § | **Consent Case** |

**MEMORANDUM OPINION AND ORDER**

Pursuant to the District Court's *Order of Transfer*, filed February 22, 2005, and the consent of the parties, this matter has been transferred to the undersigned United States Magistrate Judge for the conduct of all further proceedings and the entry of judgment in accordance with 28 U.S.C. § 636(c). Before the Court are the following pleadings:

(1) *Defendant Ross Stores, Inc.'s Motion for Partial Summary Judgment* ("Mot."), filed July 21, 2006;

(2) *Defendant Ross Stores, Inc.'s Brief in Support of Motion for Partial Summary Judgment* ("Mot. Br."), filed July 21, 2006;

(3) *Appendix to Defendant Ross Stores, Inc.'s Brief in Support of Motion for Partial Summary Judgment* ("Mot. App."), filed July 21, 2006;

(4) *Defendant Heavy Metal, Inc.'s Response to Defendant Ross Stores, Inc.'s Motion for Partial Summary Judgment and Objections/Motions to Strike Summary Judgment Evidence* ("Resp."), filed August 8, 2006;

(5) *Defendant Heavy Metal, Inc.'s Brief in Support of Its Response to Defendant Ross Stores, Inc.'s Motion for Partial Summary Judgment and Objections/Motion to Strike Summary Judgment Evidence* ("Resp. Br."), filed August 8, 2006;

(6) *Appendix to Defendant Heavy Metal Inc.'s Response and Brief in Support of Its Response to Defendant Ross Stores, Inc.'s Motion for Partial Summary Judgment and Objections/Motion to Strike Summary Judgment Evidence* ("Resp. App."), filed

August 8, 2006;

(7) *Defendant Ross Stores, Inc.'s Reply to Defendant Heavy Metal's Response to Ross' Partial Summary Judgment, Response to Heavy Metal's Objections/Motion to Strike, and Objections/Motion to Strike Summary Judgment Evidence* ("Reply"), filed September 1, 2006; and

(8) *Defendant Ross Stores, Inc.'s Brief in Support of Its Reply to Defendant Heavy Metal, Inc.'s Response to Ross Stores, Inc.'s Motion for Partial Summary Judgment, Response to Heavy Metal, Inc.'s Objections, and Objections/Motion to Strike* ("Reply Br."), filed September 1, 2006.

Based on the filings and the applicable law, Defendant Ross, Inc.'s *Motion for Partial Summary Judgment* is **DENIED**.[1]

## I. BACKGROUND

This personal injury action arises from injuries allegedly suffered by Dorothy Hegwood when, while shopping at one of the stores owned by Defendant Ross Stores, Inc. ("Ross"), she sat on a chair that collapsed. (Plaintiffs' *Third Amended Complaint* ("Compl."), filed June 26, 2006, at 2.) Plaintiffs allege that Fuzhou Meijuan Art & Craft Co., Ltd., a Chinese company, sold the chair to Defendant Heavy Metal, Inc. ("Heavy Metal"), (*Id*. at 2), who then sold the chair to Ross for sale in its stores in the United States, (Mot. at 6 - 7; Resp. at 2). Plaintiffs sue Defendants Ross and Heavy Metal on the grounds of negligence and strict liability. (*See* Compl.)

Ross asserts that pursuant to the contract for the purchase of the chair, Heavy Metal is required to defend and indemnify Ross for any claims arising in connection with it. (Mot. at 7.) Paragraph 21 of Ross's Purchase Order Terms and Conditions states:

> At its own expense, seller [Heavy Metal] will defend, indemnify, and hold harmless purchaser [Ross] (including payment of any royalties, license fees, investigation expenses, recall expenses, direct, consequential and incidental damages, and

[1]Because in determining the motion for partial summary judgment the Court did not rely on any of the evidence to which the parties respectively object and move to strike, the motions to strike are **DENIED as MOOT**.

> attorneys' fees incurred by purchaser or for which purchaser becomes liable) from any claim, arising in connection with the merchandise or in connection with this purchase order and transaction whether or not purchaser or seller has a valid defense to the claim, and regardless of whether the claim is true or valid. A "claim" includes but shall not be limited to any demand, lawsuit, arbitration, governmental action (including administrative proceeding), or any other legal proceeding (including a threat of any of the foregoing).

(Mot. App. at 5.) Ross asserts that Heavy Metal refused the tender of defense and indemnity and now argues that Heavy Metal's refusal to defend and indemnify Ross constitutes a breach of contract. (Mot. at 7.)

Ross moves for partial summary judgment on its contractual and indemnity claim against Heavy Metal. Heavy Metal responds that fact issues remain concerning whether the type of negligence alleged against Ross requires indemnity, and that as a result summary judgment is not appropriate.

## II. STANDARD OF REVIEW

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id*. The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The pleadings, depositions, answers to interrogatories, admissions, and affidavits, if any, must demonstrate that no genuine issue of material fact exists. FED. R. CIV. P. 56(c).

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324. To carry this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the non-movant must show that the evidence is sufficient to support a resolution of the factual issue in his favor. *Anderson*, 477 U.S. at 249.

While all of the evidence must be viewed in a light most favorable to the motion's opponent, *Id*. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)), neither conclusory allegations nor unsubstantiated assertions will satisfy the non-movant's summary judgment burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to his case and as to which he will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

## III. ANALYSIS

Ross moves for partial summary judgment on its contractual defense and indemnity claims against Heavy Metal. Ross asserts that the express agreement between the parties imposes a duty on Heavy Metal to defend and indemnify Ross from Plaintiffs' claims, and that the duty has accrued.

### A. Duty to Defend and Indemnify

Ross asserts that based on the express language in the Purchase Order Terms and Conditions language, Heavy Metal is obligated to provide defense and indemnity for "'any claim, arising in

connection with the merchandise' against Ross." (Mot. Br. at 16.) This includes, according to Ross, the claims of negligence and strict liability asserted by Plaintiffs against Defendants Ross and Heavy Metal. *Id.*; *see also* Compl. at 2 - 5. In support of this assertion, Ross cites a California rule for interpreting indemnity agreements which states that, "[t]he person indemnifying is bound, on request of the person indemnified, to defend actions or proceedings brought against the latter in respect to the matters embraced by the indemnity."[2] CAL. CIV. CODE § 2778(4)(2006). The key issue, then, whether the claims asserted by Plaintiffs, including Ross's own negligence and strict liability, are embraced by the indemnity as required by § 2778(4).

On its face, the expansive language of "any claim" would seem to include negligence. However, the seminal California case addressing the indemnification of negligence holds that when parties seek to indemnify an indemnitee against its own negligence, "the agreement for indemnification must be clear and explicit." *Goldman v. Ecco-Phoenix Elec. Corp.*, 396 P.2d 377, 379 (Cal. 1964). Any such agreement must be strictly construed against the indemnitee. *Id.* Because Paragraph 21 does not mention negligence at all (*see* Mot. App. at 5), it fails the requirement of a clear and explicit agreement to defend and indemnify against an indemnitee's own negligence. Strictly construing the agreement against Ross, the indemnitee, negligence is not a matter embraced by the indemnity.

However, the requirement for specific language does not mean that in its absence, negligence is never indemnified. If an indemnity clause is silent on an indemnitee's negligence, it is referred

[2]The choice of law provision in Paragraph 24 of the Purchase Order Terms and Conditions provides that, "[t]his purchase order will be construed under California law." (Mot. App. at 5.) Neither Ross nor Heavy Metal disputes that California law applies to the contract provision. (Mot. at 11; *see* Resp. at 11 - 14.)

to as a 'general' indemnity clause.[3] *Gonzales v. R. J. Novick Constr. Co.*, 575 P.2d 1190, 1197-98 (Cal. 1978). "While such clauses may be construed to provide indemnity for a loss resulting in part from an indemnitee's passive negligence, they will not be interpreted to provide indemnity if an indemnitee has been actively negligent." *Id.* at 1198. Thus, whether negligence is a matter embraced by the indemnity, and thus whether Ross is entitled to defense and indemnity of Plaintiffs' claims, may depend on if Ross was actively or passively negligent in the events leading up to Plaintiffs' injury.[4]

The duty to defend and indemnify may turn on the distinction between active and passive negligence. Active negligence "is found if an indemnitee has personally participated in an affirmative act of negligence, was connected with negligent acts or omissions by knowledge or acquiescence, or has failed to perform a precise duty which the indemnitee had agreed to perform." *Rossmoor Sanitation, Inc. v. Pylon, Inc.*, 532 P.2d 97, 101 (Cal. 1975).[5] Examples of active

---

[3]General indemnity provisions are sometimes referred to as "Type II" indemnity provisions. *MacDonald & Kruse, Inc. v. San Jose Steel Co.*, 105 Cal. Rptr. 725, 728-29 (Cal. App. 2 Dist. 1972). Although Ross initially argues that the term "any claim" includes negligence, Ross does not appear to dispute that a general indemnity provision as described by California law defines the type of indemnity provision between Ross and Heavy Metal. (*See* Mot. at 12-13.)

[4]While the parties emphasize the active-passive negligence dichotomy in determining whether a matter is embraced by the indemnity, some California cases instead favor an approach that relies on contractual interpretation. *Rossmoor*, 532 P.2d at 104; *see Hernandez v. Badger Construction Equipment Co.*, 34 Cal. Rptr. 2d 732, 749 - 51 (Cal.App.4 Dist. 1994). This approach holds that "it is the intent of the parties as expressed in the agreement that should control." *Rossmoor Sanitation, Inc. v. Pylon, Inc.*, 532 P.2d 97, 104 (Cal. 1975). "When the parties knowingly bargain for the protection at issue, the protection should be afforded." *Id*.

In the instant case, Ross does not address intent of the parties. Furthermore, Heavy Metal has produced evidence which, when viewed in the light most favorable to the non-movant, creates a genuine issue of material fact as to the intent of Heavy Metal to indemnify Ross for negligence. *See* deposition of Marshall Bernes, President of Heavy Metal (Mot. App. at 42-43; Resp. App. at 9) (indicating that Heavy Metal is willing to assume liability for a product defect but not to assume liability for events beyond its control.)

[5]Heavy Metal states that some California courts have also equated strict liability with active negligence. (Resp. Br. at 17.) In support of this assertion, Heavy Metal cites two cases involving claims for indemnity by a product manufacturer against a user or consumer of the product. *See Price v. Shell Oil Co.*, 466 P.2d 722 (Cal. 1970); *see Widson v. Int'l Harvester Co.*, 200 Cal. Rptr. 136 (Cal. App. 4 Dist. 1984). However, in *Maryland Casualty Co. v. Bailey & Sons, Inc.*, a California court explicitly declined to extend the holdings of *Price* and

negligence include "digging a hole which later caused an injury, knowingly supplying a scaffold which did not meet the requirements of a safety order, creating a perilous condition that resulted in an explosion, and failing to install safety nets in violation of a contract." *Id*. (citations omitted.) Active negligence has also been found in instances where a party has failed to act. *Butt v. Bertola*, 242 P.2d 32, 39 (Cal. App. 1 Dist. 1952) (landlord found to be actively negligent in maintaining defective sewage facilities and taking inadequate measures to repair the facilities); *Burnett v. Chimney Sweep*, 20 Cal.Rptr. 3d 562, 571 (Cal. App. 2 Dist. 2004) (summary judgment reversed because a question of fact existed as to whether Chimney Sweep was actively negligent in refusing to remediate moisture and mold problems on a premises.)

Passive negligence, on the other hand, "is found in mere nonfeasance, such as the failure to discover a dangerous condition or to perform a duty imposed by law." *Rossmoor*, 532 P.2d at 101. "Passive negligence has been found or assumed from the failure to discover a defective condition created by others, failure to exercise a right to inspect certain work and specify changes, and failure to exercise a supervisory right to order removal of defective material." *Id*. (citations omitted.)

Ross asserts that the causes of action raised by Plaintiffs all constitute passive negligence, and because of this, Ross is entitled to defense and indemnity by Heavy Metal. (Mot. Br. at 18.) Plaintiffs clearly assert passive negligence on the part of Ross. Plaintiffs state that Ross had actual or constructive knowledge of the allegedly defective condition of the chair and that Ross knew or should have known the danger posed by the chair. (Compl. at 3.) Plaintiffs also allege that Ross and Heavy Metal failed to inspect the chair and the Chinese manufacturing facility for compliance

---

*Widson* to a general indemnity agreement between a general contractor and subcontractor. 41 Cal. Rptr. 2d 519, 528-29 (Cal. App. 4 Dist. 1995). Thus, strict liability has only been found to be active negligence in California for the limited purpose of assuring that a consumer would not be required to indemnify a product manufacturer. This is not the situation in the instant case.

with reasonable safety standards. *Id*. However, these allegations could also constitute active negligence, especially when one considers that some California courts have found active negligence when a party fails to act. *See Butt*, 242 P.2d 32; *see also Burnett*, 20 Cal. Rptr. 3d 562.

"Whether conduct constitutes active or passive negligence depends upon the circumstances of a given case and is ordinarily a question for the trier of fact." *Gonzales*, 575 P.2d at 1198. Furthermore, although "active negligence may be determined as a matter of law... when the evidence is so clear and undisputed that reasonable persons could not disagree," this is not the situation in the instant case. *Rossmoor*, 532 P.2d at 101. There is not a clear-cut distinction between active and passive negligence in the claims alleged by Plaintiffs against Ross, and Ross has not identified clear and undisputed evidence in the record showing that reasonable persons could not disagree regarding the absence of active negligence by Ross. Construing the evidence before the Court in light most favorable to the non-movant, significant fact issues remain as to the type of alleged negligence by Ross and Heavy Metal that allegedly resulted in Plaintiffs' injuries.[6]

Since the answer as to whether Heavy Metal owes a duty to defend and indemnify Ross involves a number of factual issues that must be resolved by the trier of fact, Ross's motion for partial summary judgment on this issue must be denied. *See Regan Roofing Co. v. Superior Court*, 29 Cal.Rptr. 2d 413, 419 (Cal. App. 4 Dist. 1994).

---

[6]If the trier of fact were to find Ross actively negligent, then Ross's active negligence would not be a "matter embraced by the indemnity agreement" because a general indemnity provision will not be interpreted to provide indemnity for active negligence. CAL. CIV. CODE § 2778(4)*; Gonzales*, 575 P.2d at 1198. However, even if the trier of fact were to find Ross passively negligent for Plaintiffs' claims, Ross is not automatically entitled to indemnification. Case law interpreting § 2778(4) states that general indemnity provisions "*may* be construed to provide indemnity for a loss resulting in part from an indemnitee's passive negligence." *Gonzales*, 575 P.2d at 1198 (emphasis added).

**B. Accrual of Duty to Defend**

The Court now turns to the question of when the duty to defend accrues. Ross asserts that Heavy Metal owes it an immediate duty to defend because it has repeatedly requested and been denied indemnity by Heavy Metal. (Mot. Br. at 18.) Ross further asserts that it has incurred $84,884.50 in legal fees and $13,865.39 in expenses and costs in association with this lawsuit. (Mot. Br. at 19.) In support of its position that Heavy Metal is past due in its duty to defend Ross under the indemnity provision, Ross relies on California cases involving insurance indemnity provisions. (*See* Reply Br. at 12.) In insurance contracts, the California Supreme Court has held that "[w]hereas the duty to indemnify can arise only after damages are fixed in their amount, the duty to defend may arise as soon as damages are sought in some amount." *Certain Underwriters at Lloyd's of London v. Sup. Ct. of Los Angeles County.*, 24 Cal. 4th 945, 958 (Cal. 2001).

"A contract of indemnity is not construed in precisely the same manner as is an insurance contract, because it is not necessarily an adhesion contract as is an insurance policy." *Regan Roofing*, 29 Cal.Rptr. 2d at 437 (citing *Goldman*, 396 P.2d 377). For indemnitors, the "duty to defend is not triggered until it is determined that the proceeding against the indemnitee is 'embraced by the indemnity.'" *Heppler v. J.M. Peters Co.*, 87 Cal.Rptr.2d 497, 512 (Cal.App. 4 Dist. 1999). Heavy Metal's duty to defend is therefore determined by whether Plaintiffs' claims are embraced by the indemnity between Heavy Metal and Ross. Because the Court has not determined whether Plaintiffs' claims are embraced by the indemnity, thus creating a duty to defend and indemnify, summary judgment regarding accrual of any such duty is premature.

**IV. CONCLUSION**

For the foregoing reasons, Defendant Ross Stores, Inc. has not met its burden to show that

no genuine issues of material fact remain on its claim for defense and indemnity from Defendant Heavy Metal. The *Motion for Partial Summary Judgment* is therefore **DENIED**.

**SO ORDERED** this 28th day of November, 2006.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE