IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DOROTHY HEGWOOD, et al.,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. 3:04-CV-2674-BH (G) |
| v. | § | |
| | § | |
| **ROSS STORES, INC.,** | § | |
| | § | |
| Defendant. | § | Consent Case |

## MEMORANDUM OPINION AND ORDER

Pursuant to the District Court's *Order of Transfer*, filed February 22, 2005, and the consent of the parties, this matter has been transferred to the undersigned United States Magistrate Judge for the conduct of all further proceedings and the entry of judgment in accordance with 28 U.S.C. § 636(c).

Before the Court are the following pleadings:

(1) *Plaintiffs' Motion to Sever or for Separate Trial of Contractual Indemnity Claim Between Defendants, and Brief in Support* ("Mot."), filed July 6, 2006;

(2) *Ross Stores Inc.'s Response to Plaintiffs' Motion to Sever or for Separate Trial of Contractual Indemnity Claim Between Defendants, and Brief in Support* ("Ross Resp."), filed July 21, 2006;

(3) *Appendix to Ross Stores Inc.'s Response to Plaintiffs' Motion to Sever or for Separate Trial of Contractual Indemnity Claim Between Defendants, and Brief in Support* ("Ross Resp. App."), filed July 21, 2006;

(4) *Defendant Heavy Metal, Inc.'s Response to Plaintiffs' Motion to Sever or for Separate Trial of Contractual Indemnity Claim Between Defendants* ("Heavy Metal Resp."), filed July 21, 2006; and

(5) *Brief in Support of Defendant Heavy Metal, Inc.'s Response to Plaintiffs' Motion to Sever or for Separate Trial of Contractual Indemnity Claim Between Defendants* ("Heavy Metal Resp. Br."), filed July 21, 2006.

Based on the filings and the applicable law, Plaintiffs' *Motion to Sever or for Separate Trial of Contractual Indemnity Claim Between Defendants* is **DENIED**.

## I. BACKGROUND

This personal injury action arises from injuries allegedly suffered by Dorothy Hegwood when, while shopping at one of the stores owned by Defendant Ross Stores, Inc. ("Ross"), she sat on a chair that collapsed. (Plaintiffs' *Third Amended Complaint* ("Compl."), filed June 26, 2006, at 2.) Plaintiffs allege that Fuzhou Meijuan Art & Craft Co., Ltd., a Chinese company, sold the chair to Defendant Heavy Metal, Inc. ("Heavy Metal"), (*Id.* at 2), who then sold the chair to Ross for sale in its stores in the United States, (Mot. at 6 - 7; Resp. at 2). Plaintiffs sue Defendants Ross and Heavy Metal on the grounds of negligence and strict liability. (*See* Compl.) On June 27, 2006, Ross filed its *First Amended Third Party Complaint Against Third Party Defendant Heavy Metal* ("Third Party Compl.") seeking indemnity for all or part of Plaintiffs' claims based on a contractual indemnity provision in the contract for the purchase of the chair by Ross from Heavy Metal. (Third Party Compl. at 3 - 4.)

Plaintiffs filed the instant *Motion to Sever or for Separate Trial of Contractual Indemnity Claim* on July 6, 2006. Plaintiffs contend that the contractual indemnity claim involves issues that are completely different from the products liability action. Plaintiffs also claim that trying the contractual indemnity claim with the products liability claim would be unduly prejudicial to Plaintiffs. Ross and Heavy Metal assert that the instant motion should be denied because there would be no prejudice to Plaintiffs, because common issues exist between the contractual indemnity dispute and Plaintiffs' products liability claims, and because Defendants would be unduly prejudiced by a separate trial of the indemnity claim. (Ross Resp. at 2; Heavy Metal Resp. at 1 - 2.)

## II. ANALYSIS

### A. Severance vs. Separate Trial

Plaintiffs premise the instant *Motion to Sever or for Separate Trial of Contractual Indemnity Claim* on FED. R. CIV. P. 14(a) and FED. R. CIV. P. 42(b).[1]  The relevant part of Rule 14(a) states that "[a]ny party may move to strike the third party claim, or for its severance or separate trial."  Rule 42(b) states that "[t]he court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues."  FED. R. CIV. P. 42(b).  From the plain language of Rule 42(b), it is apparent that the Court is to balance judicial economy with the potential for prejudice in deciding whether to grant a separate trial.  *Hanley v. First Investors Corp.*, 151 F.R.D. 76, 80 (E.D.Tex.1993).

The trial court has broad discretion in deciding whether to grant separate trials under Rule 42(b).  *See U.S. v. 499.472 Acres of Land*, 701 F.2d 545 (5th Cir. 1983).  "Separation of issues, however, is not the usual course that should be followed."  *McDaniel*, 987 F.2d at 304.  An important limitation exists in ordering a separate trial of issues under Rule 42(b): "the issue to be tried must be so distinct and separate from the others that a trial of it alone may be had without

---

[1] Although the parties use "severance" and "separate trial" interchangeably, the two actions are distinct.  *See* WRIGHT & MILLER, 9 FED. PRAC. & PROC. CIV.2d § 2387 (2006).  Under the rule for misjoinder and non-joinder of parties, "[a]ny claim against a party may be severed and proceeded with separately."  FED. R. CIV. P. 21.  Claims severed pursuant to Rule 21 become entirely independent actions with independent trials and judgments.  *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 304 (5th Cir. 1993).  In effect, severed claims create two lawsuits from one.  *Allied Elevator, Inc. v. E. Tex. State Bank of Buna*, 965 F.2d 34, 36 (5th Cir. 1992).  Claims separated pursuant to Rule 42(b), on the other hand, will usually result in one judgment.  *McDaniel*, 987 F.2d at 304.  Plaintiffs' motion refers to Rule 42(b) but does not mention Rule 21.  Thus, while the title of Plaintiffs' motion and the cases cited in Defendants' responses refer to both severance and separate trial, Plaintiffs appear to seek a separate trial of the contractual indemnity provision pursuant to Rule 42(b) rather than a severance.  *Id*.

injustice." *Id*. at 305. The limitation on bifurcation recognizes the general right of a litigant under the Seventh Amendment to have only one jury pass on a common issue of fact. *Id*. From a pragmatic standpoint, verdicts rendered by two juries on an issue involving the same factual and legal elements could be inconsistent. *Id*. Finally, the burden is on the party seeking separate trials to show that separation is necessary. WRIGHT & MILLER, § 2388.

Thus, the burden is on Plaintiffs to show that the issues involved in the contractual indemnity dispute warrant separation from the rest of Plaintiffs' claims pursuant to Rule 42(b).

**B. Common Issues of Fact**

An important consideration for granting separate trials pursuant to Rule 42(b) is that the "issue to be tried must be so distinct and separate from the others that a trial of it alone may be had without injustice." *McDaniel*, 987 F.2d at 305. Plaintiffs assert that the "contractual indemnity claim involves issues that are completely different from the issues involved in Plaintiffs' products liability action." (Mot. at 2.) Plaintiffs' *Third Amended Complaint*, filed June 26, 2006, alleges both negligence on the part of Ross and Heavy Metal and strict liability due to a manufacturing or design defect in the chair that caused Plaintiffs' alleged injuries. As discussed in detail in this Court's *Memorandum Opinion and Order*, issued November 28, 2006, the type of alleged negligence by Ross, whether active or passive, is integral to the determination of whether Heavy Metal has a duty to defend and indemnify Ross pursuant to the contract between Defendants. According to California law that governs the contract between the Defendants, "[w]hether conduct constitutes active or passive negligence depends upon the circumstances of a given case and is ordinarily a question for the trier of fact." *Gonzales v. R. J. Novick Constr. Co.*, 575 P.2d 1190, 1198 (Cal. 1978). The trier of fact will not be required to interpret the disputed indemnity provision; all the trier of fact will be

required to do is determine the type of negligence, if any, involved. Thus, the contractual indemnity claim involves issues that are intimately entwined with Plaintiffs' causes of action of negligence and strict liability.

## C. Potential Prejudice

A second important consideration in whether to grant separate trials is the avoidance of prejudice. FED. R. CIV. P. 42(b). Plaintiffs assert that trying the contractual indemnity provision with the products liability claim would be unduly prejudicial to Plaintiffs because of the "significant danger" that the jury could confuse the two claims. (Mot. at 2.) Plaintiffs speculate that the jury could conclude that Ross has no responsibility to Plaintiff because of the indemnity provision.[2] *Id.* These fears of jury confusion are unfounded. As previously discussed, the trier of fact will decide the type of negligence, if any, for which Ross is responsible. The trier of fact will not be required to interpret the indemnity provision, which will likely be decided as a matter of law. (Ross Resp. at 1; Heavy Metal Resp. at 2.) Plaintiffs' conjectures of jury confusion and potential prejudice do not warrant a separate trial of the contractual indemnity provision.

## D. Judicial Economy

The final consideration for whether to order separate trials is that of judicial convenience and economy. FED. R. CIV. P. 42(b). Plaintiffs do not address this important consideration in their brief.

---

[2]In support of its claim for jury confusion arising from a contractual indemnity provision, Plaintiffs cite *Kosters v. Seven-Up Co.*, 595 F.2d 347 (6th Cir. 1979). *Kosters* is distinguishable from the instant case because in *Kosters*, the third party defendants were not also actively pursued by plaintiffs, as is the situation in the instant case. Furthermore, in *Kosters* all third party claims were ordered to a separate trial, unlike the instant case, where Plaintiffs seek a separate trial only for the indemnity claim.

Plaintiffs also cite *Eischeid v. Dover Constr., Inc.* for the proposition that third party indemnity claims in a negligence action should be severed. 217 F.R.D. 448 (N.D. Iowa 2003). In *Eischeid*, the only remaining issue to be tried between the plaintiff and the sole remaining defendant was damages. In the instant case, the alleged negligence of Defendants Heavy Metal and Ross will have a direct impact on liability. Furthermore, the type of negligence is integral to the interpretation of the indemnity provision.

(*See* Mot.)  In contrast, both Ross and Heavy Metal argue that the additional time and expense associated with litigating a second, separate trial is a waste of Defendants' resources, not to mention the Court's.  (Ross Resp. at 2; Heavy Metal Resp. at 1.)  Given the common issues raised by Plaintiffs' Complaint and the dispute over the contractual indemnity provision, the Court finds that it would be judicially inefficient to order separate trials.

### III.  CONCLUSION

After balancing the competing claims of prejudice and judicial economy and considering that there are common issues of fact between Plaintiffs' claims and Defendants' contractual indemnity dispute, the Court finds that Plaintiff has failed to meet its burden to show why a separate trial should be granted pursuant to Rule 42(b).  Plaintiffs' *Motion to Sever or for Separate Trial of Contractual Indemnity Claim Between Defendants* is therefore **DENIED**.

**SO ORDERED** on this 28th day of November, 2006.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE