**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **DOROTHY HEGWOOD, et al.,** § | | |
| § | | |
| **Plaintiffs,** § | | |
| § | | |
| v. § | Civil Action No. 3:04-CV-2674-BH (G) | |
| § | | |
| **ROSS STORES, INC.,** § | | |
| § | | |
| **Defendant.** § | Consent Case | |

### MEMORANDUM OPINION AND ORDER

Pursuant to the District Court's *Order of Transfer*, filed February 22, 2005, this matter has been transferred to the undersigned United States Magistrate Judge for the conduct of all further proceedings and the entry of judgment in accordance with 28 U.S.C. § 636(c). Before the Court is *Plaintiffs' Motion for Leave to File Motion to Compel Deposition Testimony of Tham Siew Kin and Motion for Sanctions, and Brief in Support*, filed December 22, 2006.

The instant *Motion for Leave to File* relates to *Plaintiffs' Motion to Compel and for Sanctions, and Brief in Support*, filed December 21, 2006, which this Court denied as untimely in its *Order* dated December 22, 2006. Plaintiffs raised objections to Ms. Tham's deposition in *Plaintiffs' Response to Heavy Metal, Inc.'s Motion to Order that the Deposition of Defendant Heavy Metal Inc.'s Non-Retained Expert Witness Take Place in Southern California*, filed November 6, 2006; in *Plaintiffs' Motion to Quash Heavy Metal Inc.'s Notice of Intent to Take Oral Deposition of Tham Siew Kin and Motion for Protective Order*, filed November 13, 2006; and in the telephonic hearing before this Court on November 15, 2006. The substance of Plaintiffs' objections to Ms. Tham's testimony related to the location of the deposition and to Plaintiffs' inability, due to a prior conflict, to depose Ms. Tham on November 29, 2006. At no point did Plaintiffs object to the

lateness of the deposition, which took place on the last day of discovery.

Plaintiffs did not file a motion to extend discovery for an additional two weeks so that they might have time to object properly to the content of the deposition or opposing counsel's conduct during the deposition. Given the expiration of the extended discovery deadline, the explicit language in the various scheduling orders regarding the timing of discovery motions, and the numerous pending pretrial matters (including dispositive motions, objections to pretrial materials, and *Daubert* motions) to be concluded prior to the impending January 22, 2007 trial (less than three weeks away), the Court finds that Plaintiffs' motion should be, and it is hereby, **DENIED**.

**SO ORDERED** on this 2nd day of January, 2007.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE