IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DOROTHY HEGWOOD, et al.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| v. | § | Civil Action No. 3:04-CV-2674-BH (G) |
| | § | |
| **ROSS STORES, INC.,** | § | |
| | § | |
| **Defendant.** | § | Consent Case |

## MEMORANDUM OPINION AND ORDER

Pursuant to the District Court's *Order of Transfer*, filed February 22, 2005, this matter has been transferred to the undersigned United States Magistrate Judge for the conduct of all further proceedings and the entry of judgment in accordance with 28 U.S.C. § 636(c). Before the Court are the following motions:

(1) *Plaintiffs' Motion to Strike Defendant Ross Stores, Inc.'s Designation of Fuzhou Meijuan Art and Craft Company as a Responsible Third Party, and Brief in Support* ("Mot."), filed November 9, 2006;

(2) *Appendix for Plaintiffs' Motion to Strike Defendant Ross Stores, Inc.'s Designation of Fuzhou Meijuan Art and Craft Company as a Responsible Third Party* ("Mot. App."), filed November 9, 2006;

(3) *Defendant Ross Stores, Inc.'s Amended Response to Plaintiffs' Brief and Motion to Strike Ross' Designation of Fuzhou Meijuan Art and Craft Co., Ltd. as a Responsible Third Party* ("Resp."), filed December 14, 2006;

(4) *Defendant Ross' Brief in Support of Its Amended Response to Plaintiffs' Brief and Motion to Strike Ross' Designation of Fuzhou Meijuan Art and Craft Co., Ltd. as a Responsible Third Party* ("Resp. Br."), filed December 14, 2006; and

(5) *Appendix to Defendant Ross Stores, Inc.'s Amended Brief in Support of Its Response to Plaintiffs' Brief and Motion to Strike Ross' Designation of Fuzhou Meijuan Art and Craft Co., Ltd. as a Responsible Third Party* ("Resp. App."), filed December 14, 2006; and

>   (6)   *Plaintiffs' Reply to Defendant Ross Stores, Inc.'s Amended Response to Plaintiffs' Brief and Motion to Strike Ross's Designation of Fuzhou Meijuan Art & Craft Co., Ltd. As a Responsible Third Party, and Brief in Support* ("Reply"), filed December 22, 2006.

After consideration of the pleadings and applicable law, the Court determines that *Plaintiffs' Motion to Strike Defendant Ross Stores, Inc.'s Designation of Fuzhou Meijuan Art and Craft Company as a Responsible Third Party* should be, and is hereby, **DENIED**.

## I. BACKGROUND

This is a personal injury action brought by Plaintiffs based on alleged injuries suffered by Dorothy Hegwood when, while shopping at one of the stores owned by Defendant Ross Stores, Inc. ("Ross'), she sat on a chair that collapsed. On June 6, 2006, this Court issued an *Order* granting Ross's motion to designate Fuzhou Meijuan Art and Craft Co., Ltd. ("Fuzhou Meijuan"), the manufacturer of the chair sold to Ross, as a responsible third party. Plaintiffs now move to strike this designation.

## II. ANALYSIS

Section 33.004 of the Texas Civil Practice and Remedies Code sets forth the guidelines for deciding motions to designate a responsible third party, and provides in relevant part that:

>   [a]fter adequate time for discovery, a party may move to strike the designation of a responsible third party on the ground that there is no evidence that the designated person is responsible for any portion of the claimant's alleged injury or damage. The court shall grant the motion to strike unless a defendant produces sufficient evidence to raise a genuine issue of fact regarding the designated person's responsibility for the claimant's injury or damage.

TEX. CIV. PRAC. & REM. CODE § 33.004(l) (Vernon Supp. 2005). Plaintiffs assert that an adequate time for discovery has passed, and that there is no evidence that Fuzhou Meijuan is responsible for any portion of Plaintiffs' injuries and damages. (Mot. at 2.) Because the discovery period for this

case ended on November 30, 2006, the Court finds that an adequate time for discovery has passed. Accordingly, the Court must grant Plaintiffs' motion to strike unless Ross produces sufficient evidence to raise a genuine issue of fact regarding Fuzhou's responsibility for Plaintiffs' alleged injury or damage.  TEX. CIV. PRAC. & REM. CODE § 33.004(l) (Vernon Supp. 2005).

In support of its assertion that there is "overwhelming" evidence that Fuzhou Meijuan is responsible for some of Plaintiffs' alleged injuries and damages, Ross points to the deposition of Angie Tham, who is the China-based agent for the importer of the allegedly defective chair sold to Ross, California-based Heavy Metal, Inc.  During her deposition, Ms. Tham identified photographs of both the chair that resulted in Plaintiffs' alleged injuries and an exemplar chair of the same make and model as chairs that her company had obtained from Fuzhou Meijuan for export to the United States. (Resp. App. at 94-95.)  Ms. Tham testified that she visited Fuzhou Meijuan's factory where the chair was made. (*Id*. at 97.)  Ms. Tham also testified that she was involved in the quality control inspection for this type of chair (*id*. at 99-100) and that the inspection process examines a minimum of 30% of the items that are ordered.  (*Id*. at 108.)  Based on Ms. Tham's sworn deposition testimony, it is clear that Ross has produced sufficient evidence that could lead the trier of fact to conclude that Fuzhou Meijuan manufactured the allegedly defective chair that resulted in Plaintiffs' alleged injuries, thus creating a genuine issue of material fact.

In its *Reply*, Plaintiffs make the argument that Ms. Tham only ordered chairs that look like the allegedly defective chair, and that although Ms. Tham identified the chair that is the subject of this lawsuit, she has never actually seen the chair. (Reply at 3.)  As a result, Plaintiffs argue, Ms. Tham lacks personal knowledge of where the chair was obtained.  Plaintiffs also argue that Ms. Tham only inspected 30% of the chairs after they were assembled and could not state for certain

whether she inspected the allegedly defective chair itself. (*Id*. at 3-4.) While the allegedly defective chair itself may not have been inspected by Fuzhou Meijuan, Ms. Tham's testimony indicates that there was an almost one-in-three chance that it was. Furthermore, Ms. Tham's testimony provides strong support for the proposition that Fuzhou Meijuan manufactured the make and model of the chair that resulted in Plaintiffs' alleged injuries, even if Ms. Tham did not personally observe the manufacture of the chair that is the subject of this lawsuit. Ross is not required to establish with 100% certainty that Fuzhou Meijuan manufactured the chair in question; it is only required to produce "sufficient evidence to raise a genuine issue of fact" regarding Fuzhou Meijuan's responsibility fo Plaintiffs' alleged injuries. TEX. CIV. PRAC. & REM. CODE § 33.004(l). The deposition of Ms. Tham exceeds this burden.

### III.  CONCLUSION

For the foregoing reasons, *Plaintiffs' Motion to Strike Defendant Ross Stores, Inc.'s Designation of Fuzhou Meijuan Art and Craft Company as a Responsible Third Party* is hereby **DENIED**.

**SO ORDERED** on this 3rd day of January, 2007.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE