UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DOROTHY HEGWOOD, ET UX § | |
| HARRY HEGWOOD, § | |
|     Plaintiffs § | |
| § | |
| VS. § | CIVIL ACTION NO. 3:04-cv-2674-BH |
| § | |
| ROSS STORES, INC., § | |
|     Defendant. § | |

**PLAINTIFFS' APPLICATION UNDER RULE 32(A)
TO USE THE DEPOSITION OF JOHN PELOZA, M.D. AT TRIAL**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES DOROTHY HEGWOOD et ux, HARRY HEGWOOD, hereinafter referred to as Plaintiffs, and file this their Application Under Rule 32(a) to Use the Deposition John Peloza, M.D., and in support thereof, would show the Court as follows:

**I.   FACTS**

1.   John Peloza is the orthopedic surgeon who treated Plaintiff Dorothy Hegwood for the injuries she sustained on September 17, 2004 that are the subject of this lawsuit. (App. 3 [**Peloza Aff. ¶ 2**]).  He is a non-retained expert designated by Plaintiffs to testify about his treatment of Plaintiff.  Dr. Peloza was deposed in this case on August 28, 2006. (App. 6-10 [**Peloza depo. pp. 1, 2, 3, 5, 94**]).  The deposition was videotaped under the assumption that it would be used at trial.  (App. 11 [**Osburn Aff.**]).  Counsel for both Heavy Metal, Inc. and Ross Stores, Inc. attended the deposition.  (App. 7-8 [**Peloza depo. pp. 1, 2**]).  Forty Seven pages of the 91 page deposition transcript is Heavy Metal, Inc.'s cross examination of Dr. Peloza.  (App. 11 [**Osburn Aff.**]).  **.**Ross Stores, Inc.'s counsel also cross- examined the witness.  (App. 11 [**Osburn Aff.**]).  2.

**PLAINTIFFS' APPLICATION UNDER RULE 32(A) TO USE THE DEPOSITION OF JOHN
PELOZA, M.D. AT TRIAL - Page 1**

The deposition began at 5:00 p.m. and concluded in less than two hours. (App. 7 [**Peloza depo. p. 1**]). The Defendants, thus, had five more hours that they could have used to further question the witness. The Defendants have not sought leave to re-depose Dr. Peloza or continue the deposition. They had ample opportunity to ask everything they needed to know from Dr. Peloza.

3,     Dr. Peloza is a defendant in a case styled *Vonda Brooks v. John H. Peloza, M.D.,* Cause No. 03-02-251-C in the 68th District Court of Dallas County, Texas. (App. 3-4 [**Peloza Aff. ¶ 2**]). This lawsuit is scheduled to go to trial on January 23, 2007. (App. 3-4 [**Peloza Aff. ¶ 2**]). His attorney, Doug Lewis of the firm of Chamblee and Ryan, has informed him that since the case in a 2003 case, the likelihood of this case being called to trial on that date is good. (App. 3-4 [**Peloza Aff. ¶ 2**]). The trial will likely last all of the rest of that week. (App. 3-4 [**Peloza Aff. ¶ 2**]). If the lawsuit against Dr. Peloza is called to trial on that date, he will be unable to testify live at trial in the present lawsuit. (App. _3-4 [**Peloza Aff. ¶ 2**]).

4,     Even if the case in the 68th District Court is not called to trial on January 23, 2007, Dr. Peloza has a very active medical practice with a full patient schedule that week. (App. 4 [**Peloza Aff. ¶ 3**]). He has two clinic days each week in which he sees 40 to 50 - patients per day. (App. 4 [**Peloza Aff. ¶ 3**]). He performs 2 to 4 surgeries on Tuesday, Wednesday and Thursday, which generally takes all day. (App. 4 [**Peloza Aff. ¶ 3**])¶ Many if not most of his patients are experiencing moderate to severe pain, and catastrophic bone and joint issues, and to cancel and reschedule their office visits or surgeries would work a significant hardship on his patients. (App. 4 [**Peloza Aff. ¶ 3**]). Therefore, even if he is not called to trial in the 68th Court, being required to attend

Dorothy Hegwood's trial to testify live would unduly burden his patients who would have to be rescheduled to accommodate this. (App. 4 [**Peloza Aff. ¶ 3**]).

5.      Plaintiffs have has paid Dr. Peloza $1,500 for the two hours spent giving his deposition. (App. 4 [**Peloza Aff. ¶ 4**]). He charges $4,000 per hour for trial testimony, plus $600 for document review. (App. 4 [**Peloza Aff. ¶ 4**]). The reason he charges so much more for trial testimony is to discourage patients in litigation from calling him as a live witness at trial, because it requires him set aside time during which he cannot schedule and attend to patients. (App. 4 [**Peloza Aff. ¶ 4**]). His fee structure encourages litigants to present his testimony by deposition, because depositions can be scheduled after hours. The deposition in this case took place after hours. (App. 4 [**Peloza Aff. ¶ 4**]).

## II.     ARGUMENT

6.      FRCP 32(a)(3)(E) provides that the deposition of a witness may be used at trial by any party for any purpose if the court finds such exceptional circumstances exist as to make it desirable, in the interest of justice with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition.

7.      As discussed above, Dr. Peloza is a party in a trial set on the day after this trial, and his presence and full attention to that trial will be required if that case is reached. Even if his case is not called, Dr. Peloza testified in his affidavit that requiring him to testify live at trial would put an undue hardship on his patients, who would have to be rescheduled to accommodate his live testimony. Plaintiff contends that either scenario constitutes an  exceptional circumstance justifying allowing Plaintiffs to present his testimony by videotaped deposition.

7.  The court in ***Reber v. General Motors Corp.,*** 669 F.Supp. 717 (E.D.Pa. 1987) addressed the exceptional circumstances rule. In ***Reber*** the plaintiffs in a personal injury case took the deposition of a treating doctor. The parties agreed that the doctors' testimony could be presented live by videotape. The court opined as follows:

> Moreover, while the rule regulating the use of depositions at trial makes no such distinction, we are convinced that videotaped testimony prepared specifically for use at trial mitigates the concerns militating against the use of depositions in lieu of live testimony. First, although the witness is not physically present in the courtroom, the jury has the opportunity to observe his manner and hear his voice during the testimony. Second, the witness is questioned just as he would be at trial by counsel for both parties.

***Id.*** at 720. In this case, the deposition was videotaped, and Dr. Peloza was extensively questioned by Defendants in a cross examination similar to the type of cross that would be done a trial with a live witness.

8.  In ***Borchardt v. United States,*** 133 F.R.D. 547, 548 (E.D.Wisc. 1991) the court held that exceptional circumstances existed where it would cost $1,000 to $1,250 to present a doctor's testimony live, but only $375 if the testimony was presented by deposition, particularly in view of the fact that the damages in the case were about $12,000. The court noted:

> [T]his court prefers to use the most cost-effective method of providing the facts to the fact-finder whenever possible. Dr. Konkel's testimony is important for establishing the medical injuries which Borchardt has experienced. There is not, however, any indication that the credibility of Dr. Konkel's testimony is in question.

***Id.*** In Ross Stores, Inc.'s Rule 32(a) objection, Ross raises no questions about Dr. Peloza's credibility.

9.  ***Robinson v. Food Serv. of Belton, Inc.,*** 415 F.Supp.2d 1232 (D.Kan. 2005) is another where the cost of presenting live testimony as opposed to deposition testimony

**PLAINTIFFS' APPLICATION UNDER RULE 32(A) TO USE THE DEPOSITION OF JOHN PELOZA, M.D. AT TRIAL - Page 4**

was considered by the court in determining whether exceptional circumstances exists. The court also noted:

> [D]efendants do not suggest that they were unable to cross-examine Ms. Owens fully. In fact, defendants were aware at the start of Ms. Owens' deposition that Ms. Owens might be called to basic training and that the possibility existed that Ms. Owens might not be present at trial. Defendants do not suggest any particularized reason for preferring the live testimony of Ms. Owens. They do not, for example, suggest that her demeanor at the deposition cast doubt on her credibility or any other reason to prefer the live testimony of Ms. Owens. For these reasons, the court reaffirms its decision that the use of Ms. Owens' deposition was appropriate.

*Id.* at 1238-39. Ross Stores, Inc. also does not suggest that they were unable to cross examine Dr. Peloza, nor do they suggest that his demeanor at the deposition case doubt on his credibility, which in any event would be evident on the videotape.

10,   In this case it cost Plaintiffs $1,500 for Dr. Peloza's fee plus court reporter fees and videographer fees (over $1,000.00) for Dr. Peloza's videotaped deposition. It will cost them an additional $10,000 or more to have Dr. Peloza testify live at trial for 2 to 3 hours. That is an exceptional circumstance that should justify allowing Plaintiffs to have Dr. Peloza testify by deposition. It also would comport with the federal judiciary's long standing policy to reduce the outrageous expense of litigation.

11.   For all of the above reasons, Plaintiffs request that the Court find that exceptional circumstances exist to permit presenting Dr. Peloza's testimony by videotaped deposition.

WHEREFORE, PREISES CONSIDERED, Plaintiffs pray that the Court grant this application, and order that Plaintiffs may present Dr. Peloza's testimony at trial by videotaped deposition, and Plaintiffs pray for such other and further relief, both general and special, at law and in equity, to which Plaintiffs may show themselves justly entitled.

        Respectfully submitted,

        ROBERT H. OSBURN
        A Professional Corporation
        ATTORNEY AT LAW

        By:  \_\_/s/ Robert H. Osburn_____
            ROBERT H. OSBURN
            State Bar No. 15334000
            8117 Preston Road, Suite 800
            Dallas, Texas  75225
            214-696-3200
            214-696-5971  Fax

        ATTORNEYS FOR PLAINTIFFS

## **CERTIFICATE OF CONFERENCE**

On January 9, 2007, I conferred with Randy Hall, counsel for Heavy Metal, Inc., who stated that he was opposed to the foregoing motion.  On January 9, 2007, Plaintiff's counsel conferred with Amy Friday, who stated that she was opposed to the foregoing motion.

        \_\_\_/s/ Robert H. Osburn\_\_\_\_
        Robert H. Osburn

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served via facsimile/e-mail, on the 9th day of January, 2007, to the following attorneys of record:

Jeff D. Otto
701 Brazos, Suite 1500
Austin, Texas  78701

Randy Hall
1550 Norwood Drive, Suite 103
Hurst, TX  76054

        \_\_\_/s/ Robert H. Osburn_____
        ROBERT H. OSBURN