IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DOROTHY HEGWOOD, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:04-CV-2674-BH (G) |
| | § | |
| ROSS STORES, INC., | § | |
| | § | |
| Defendant. | § | Consent Case |

### MEMORANDUM OPINION AND ORDER

Pursuant to the District Court's *Order of Transfer*, filed February 22, 2005, and the consent of the parties, this matter has been transferred to the undersigned United States Magistrate Judge for the conduct of all further proceedings and the entry of judgment in accordance with 28 U.S.C. § 636(c). Before the Court are the following pleadings:

(1) *Defendant Ross Stores, Inc.'s Motion for Partial Summary Judgment as to Plaintiffs' Claims* ("Mot."), filed November 10, 2006;[1]

(2) *Defendant Ross Stores, Inc.'s Brief in Support of Motion for Partial Summary Judgment* ("Mot. Br."), filed November 10, 2006;

(3) *Appendix to Defendant Ross Stores, Inc.'s Brief in Support of Motion for Partial Summary Judgment* ("Mot. App."), filed November 10, 2006;

(4) *Plaintiffs' Response and Brief in Opposition to Defendant Ross Stores, Inc.'s Motion for Partial Summary Judgment as to Plaintiffs' Claims* ("Resp."), filed December 1, 2006;[2]

---

[1] Local Civil Rule 56.2(b) for the Northern District of Texas provides that "[u]nless otherwise directed by the presiding judge, or permitted by law, a party may file no more than one motion for summary judgment." The Court notes that this is Defendant Ross's second *Motion for Partial Summary Judgment*, but no party objected.

[2] Defendant Ross moves to strike Plaintiffs' *Response* because it exceeds the permissible length. (Reply Br. at 3.) Local Rule 56.5(b) states that "[t]he requirements of LR 7.2 apply to briefs filed pursuant to LR 56.5(a), except that, excluding the table of contents and table of authorities, the length of a principal brief must not exceed 50 pages and a reply brief must not exceed 25 pages." Because a response is a principal brief, Plaintiffs' 28-page

(5)   *Appendix to Plaintiffs' Response and Brief in Opposition to Defendant Ross Stores, Inc.'s Motion for Partial Summary Judgment as to Plaintiffs' Claims* ("Resp. App."), filed December 1, 2006;

(6)   *Defendant Ross Stores, Inc.'s Reply to Plaintiffs' Response to Ross Stores, Inc.'s Motion for Partial Summary Judgment as to Plaintiffs' Claims* ("Reply"), filed December 18, 2006; and

(7)   *Defendant Ross Stores, Inc.'s Brief in Support of Its Motion for Partial Summary Judgment* ("Reply Br."), filed December 18, 2006.[3]

Based on the filings and the applicable law, *Defendant Ross Stores, Inc.'s Motion for Partial Summary Judgment as to Plaintiffs' Claims* is **GRANTED IN PART** and **DENIED IN PART**.

## I. BACKGROUND

This personal injury action arises from injuries allegedly suffered by Dorothy Hegwood ("Plaintiff") when, while shopping at one of the stores owned by Defendant Ross Stores, Inc. ("Ross"), she sat on an imported folding metal chair sold to Ross that collapsed. (Mot. Br. at 1; Resp. at 5.) Ross moves for partial summary judgment with regard to Plaintiffs' negligence and

---

*Response* is well within the limits established by the Local Rules. Defendant Ross's motion is hereby **DENIED**.

[3] Defendant Ross also submitted its *Appendix to Defendant Ross Stores, Inc.'s Brief in Support of Its Reply to Plaintiff's Response to Ross Stores, Inc.'s Motion for Partial Summary Judgment* on December 18, 2006. The *Appendix in Support of its Reply* consists of a deposition not submitted with the initial Appendix in support of Defendant's *Motion for Partial Summary Judgment*. The movant is not ordinarily permitted to introduce new evidence in support of a reply because such action would deprive the non-movant of a meaningful opportunity to respond. *Springs Indus., Inc. v. American Motorists Ins.*, 137 F.R.D. 238, 239-40 (N.D. Tex. 1991); *see also Racetrac Petroleum, Inc. v. J.J.'s Fast Stop, Inc.*, 2003 WL 251318, at *19 (N.D. Tex. Feb. 3, 2003) (a party may not file an appendix in support of a reply brief without first obtaining leave of court; because the purpose of a reply brief is to rebut the non-movant's response, not to introduce new evidence, such leave will be granted only in limited circumstances). Because Defendant Ross did not seek leave to file the new evidence and allowing the evidence would deprive Plaintiff of a meaningful opportunity to respond, the Court will not consider Defendant Ross's *Appendix in Support of Its Reply*.

Since the Court did not consider Defendant Ross's *Appendix in Support of Its Reply*, it need not consider *Plaintiffs' Response to Defendant Ross Stores, Inc.'s Untimely Filed New Summary Judgment Evidence, and Brief in Support*, filed January 3, 2007. *Plaintiffs' Objections to and Motion to Strike Defendant Ross Stores, Inc.'s Untimely Filed New Summary Judgment Evidence, and Brief in Support*, also filed on January 3, 2007, are **DENIED** as **moot**. For this reason the Court need not consider *Defendant Ross Stores, Inc.'s Response to Plaintiffs' Objections and Motion to Strike Its Summary Judgment Evidence, and Brief in Support*, filed January 10, 2007.

premises liability claims. (Mot. at 2.)

## II. STANDARD OF REVIEW

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id*. The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The pleadings, depositions, answers to interrogatories, admissions, and affidavits, if any, must demonstrate that no genuine issue of material fact exists. FED. R. CIV. P. 56(c).

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324. To carry this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the non-movant must show that the evidence is sufficient to support a resolution of the factual issue in his favor. *Anderson*, 477 U.S. at 249.

While all of the evidence must be viewed in a light most favorable to the motion's opponent, *Id*. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)), neither conclusory allegations nor unsubstantiated assertions will satisfy the non-movant's summary judgment burden.

*Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992).  Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to his case and as to which he will bear the burden of proof at trial.  *Celotex*, 477 U.S. at 322-23.

### III.  ANALYSIS

**A.  Negligence**

Ross moves for summary judgment on Plaintiffs' negligence claims.  (Mot. at 1.) Specifically, Ross asserts it neither has a duty to inspect for latent defects in products manufactured by a third party nor a duty to inspect the manufacturing facilities, standards, or welding practices of a foreign manufacturer.[4]  (*Id*. at 1-2; Mot. Br. at 2.)

   *1.  Duty to Inspect Chair for Defects*

Ross asserts that as a retailer, it had no duty to inspect the folding chair that collapsed and resulted in Plaintiffs' alleged injuries.  (Mot. Br. at 6.)  "Under Texas law, a retailer has no duty to inspect a product manufactured by another for latent defects...On the other hand, a retailer has a duty to conduct a reasonable inspection for non-latent defects."  *Kennon v. Slipstreamer, Inc.*, 794 F.2d

---

[4]Ross also argues that the TEXAS CIVIL PRACTICES & REMEDIES CODE § 82.001 *et seq.* (concerning products liability actions) subsumes Plaintiffs' negligence claims because they concern a defective product. (Mot. at 1; Mot. Br. at 5.)  Essentially, Ross claims that there are no free standing negligence claims and that the Plaintiffs' action should only be examined under a products liability theory.  Plaintiffs do not contest this assertion.  (*See* Resp.)

"In a products liability action, the plaintiff may proceed on a theory of strict liability, negligence, misrepresentation, breach of warranty, or on any other theory or combination of theories."  *Gomez de Hernandez v. New Texas Auto Auction Servs.*, 193 S.W.3d 220, 224 (Tex. App.-Corpus Christi 2006, pet. filed.)  Since Plaintiffs are permitted to bring their products liability action on theories of negligence and strict liability, the Court finds that the negligence claims do not fail as a matter of law based on § 82.001 *et seq.*, as asserted by Ross.  The Court also notes that after stating "notwithstanding... how this claim is classified under Texas law," Ross never distinguishes between the standards for negligence and products liability and proceeds to apply the negligence standards in its motion. (Mot. Br. at 6.)

1067, 1073 (5th Cir. 1986). Whether Ross had a duty to inspect the chair depends on whether the alleged defects that caused the chair to collapse were latent or non-latent. The court in *Kennon* did not state the distinction between latent and non-latent defects but instead suggested that a non-latent defect is discoverable by a "reasonable inspection." (*Id*. at 1073.) Whether an inspection is reasonable is an issue for the jury. (*Id*. at 1074.) Thus, whether a defect is latent or non-latent is a question for the trier of fact. *Id*.

Ross argues that the defects in the chair whose collapse resulted in Plaintiffs' alleged injuries are "quite obviously 'latent.'" (Mot. Br. at 9). In support of this position, Ross introduces excerpts of the oral deposition of Dr. James Gerner, a liability expert hired by Plaintiffs to examine the chair after its collapse. (Mot. App. at 66-81; Mot. Br. at 8.) Dr. Gerner expressed doubt as to whether a visual inspection alone was sufficient to determine that the weld allegedly responsible for the chair's collapse overheated and therefore was defective. (Mot. App. at 74.) The pages containing the immediate follow-up questions seeking clarity from Dr. Gerner on this issue were not submitted into evidence, (*see id.* at 74-74B), but at the end of the discussion on the weld, Dr. Gerner testifies that "the problems with that type of weld and on that side of the chair there, is burnt tubing wall. There's very definite indication that the tubing wall was burnt away." (*Id*. at 75.) Viewing Ross's own summary judgment evidence in the light most favorable to the non-moving Plaintiffs, the Court cannot determine that a reasonable inspection of the chair would not have revealed the burnt tubing and indicated the need for a more rigorous inspection to evaluate the safety of the chair as a matter of law; thus, a genuine issue of material fact exists.[5]

---

[5]Ross objects to Plaintiffs' exhibits 2, 3, and 7 in the *Appendix to Plaintiffs' Response*. (Reply Br. 1-3.) Because the Court did not rely on these exhibits in determining this *Motion*, it need not determine their admissibility or consider *Plaintiffs' Response to Defendant Ross Stores, Inc.'s Objections to Plaintiffs' Summary Judgment Evidence and to the Length of Plaintiffs' Brief, and Brief in Support*, filed January 3, 2007.

In addition to the possibility that a visual inspection would have identified the defective weld, Plaintiffs' *Response* further argues that recognized weight testing methods for chairs, such as the "300 pound weight test," could have revealed the defective weld. (Resp. at 14-18.) Ross's corporate representative, Angela Mevo, stated that the 300 pound weight test[6] would have been appropriate for the chair that is the subject of this lawsuit yet does not indicate whether such a test was performed on the chair. (Resp. App. at 170.) David Lowe, the manager of the Ross store where Plaintiffs' alleged injuries occurred, testified that no weight test was performed on the chair in question. (Mot. App. at 31.) Mr. Lowe also testified that it is not customary practice to conduct a weight test on chairs before they are put on display. *Id.* Additional evidence that Ross did not perform a weight test comes from Neda Harazi, the Ross employee who transferred the chair in question from the stockroom to the department where the alleged injuries occurred. Ms. Harazi indicated that she only visually inspected the chair and did not perform a weight test. (Resp. App. at 101-02.) From the evidence submitted, it appears that Ross did not perform a known or customary test on the chair in question before it was placed on display. Plaintiffs assert that this failure shows that Ross did not conduct a reasonable inspection (Resp. at 18), but whether an inspection was reasonable is a question for the trier of fact.

Thus, a genuine issue of material fact exists as to whether a reasonable inspection, either through visual examination or a recognized weight test, would have identified the allegedly defective weld and therefore whether the defect was latent or non-latent. *Celotex*, 477 U.S. at 323.

### 2. *Duty to Inspect Manufacturing Facilities*

Ross next moves for summary judgment on Plaintiffs' claim that Ross failed to inspect

---

[6] The 300 pound weight test involves dropping a 300 pound bag from a height of six inches onto the seat of a chair and then examining the chair for structural deformities. (Resp. at 18; Resp. App. at 169.)

manufacturing facilities, standards, and welding practices of Fuzhou Mei Juan Arts & Crafts Co., Ltd. ("Fuzhou Mei Juan"), the foreign manufacturer of the allegedly defective chair sold to Ross. (Mot. at 1-2.) Ross asserts that it is entitled to summary judgment on this claim because it is under no duty to inspect a foreign manufacturer's facilities, standards, or practices. (Mot. Br. at 10.)

Under Texas law, the plaintiff must establish both the existence and the violation of a duty owed to the plaintiff by the defendant to establish liability in tort. *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990). The existence of duty is a question of law for the court to decide. *Id*. Plaintiffs therefore have the burden to show that Ross has a duty to inspect the facilities, standards, and practices of a foreign manufacturer. In support of its *Motion for Partial Summary Judgment* on this claim, Ross cites the absence of case law imposing a duty to inspect the facilities of a foreign manufacturer. (Mot. Br. at 10.)

Having identified the absence of case law establishing such a duty, the burden now shifts to Plaintiffs to identify that a duty does in fact exists. *Celotex*, 477 U.S. at 324. Plaintiffs are unable to support their arguments for why a duty to inspect a foreign manufacturer should be imposed with any case law stating that a duty exists. (*See* Resp. 22-28.)  Although Plaintiffs cite the testimony of Ross's corporate representative, Angela Mevo, in which she states that "the onus is on us [Ross] to make sure the product is safe for the consumer," (Resp. App. at 159), this statement does not impose a legal duty in negligence on a retailer to inspect the facilities, standards, or practices of a foreign manufacturer.

Since Plaintiffs bear the burden of proof in establishing that a duty exists and has failed to do so, Ross is entitled to summary judgment on Plaintiffs' claims of Ross's negligent inspection of Fuzhou Mei Juan's manufacturing facilities, standards, and welding practices. *See Celotex*, 477 U.S.

at 322-23.

**B. Premises Liability**

Ross also moves for summary judgment on Plaintiffs' premises liability claims. (Mot. at 2.) In particular, Ross asserts that it did not know or have constructive knowledge that the chair posed an unreasonable risk of harm. (Mot. Br. at 11.) The Court need not consider this grounds for summary judgment because Plaintiffs stipulate that they are not asserting a premises liability claim. (Resp. at 6.) Rather, Plaintiffs state that they only assert products liability negligence and strict products liability against Ross. *Id.*

### IV. CONCLUSION

For the foregoing reasons, Defendant Ross's *Motion for Partial Summary Judgment* is **DENIED** on Plaintiffs' claims that Ross had a duty to inspect the chair for alleged defects. The *Motion* is **GRANTED** as to Plaintiffs' claims of negligent inspection of Fuzhou Mei Juan's manufacturing facilities, standards, and welding practices.

**SO ORDERED** on this 16th day of January, 2007.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE