**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **DOROTHY HEGWOOD, et al.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| v. | § | Civil Action No. 3:04-CV-2674-BH (G) |
| | § | |
| **ROSS STORES, INC.,** | § | |
| | § | |
| **Defendant.** | § | Consent Case |

## MEMORANDUM OPINION AND ORDER

Pursuant to the District Court's *Order of Transfer*, filed February 22, 2005, and the consent of the parties, this matter has been transferred to the undersigned United States Magistrate Judge for the conduct of all further proceedings and the entry of judgment in accordance with 28 U.S.C. § 636(c). Before the Court are the following motions:

(1) *Defendants Heavy Metal, Inc.'s and Ross Stores, Inc.'s Objections to Deposition Testimony of Plaintiffs' Expert, Dr. John Peloza*, filed December 15, 2006;

(2) *Defendants Heavy Metal, Inc.'s and Ross Stores, Inc.'s Brief in Support of Their Objections to the Deposition Testimony of Plaintiffs' Expert, Dr. John Peloza*, filed December 15, 2006;

(3) *Appendix to Defendants Heavy Metal, Inc.'s and Ross Stores, Inc.'s Brief in Support of Their Objections to the Deposition Testimony of Plaintiffs' Expert, Dr. John Peloza*, filed December 15, 2006;

(4) *Plaintiffs' Response to Defendants Heavy Metal, Inc.'s and Ross Stores, Inc.'s Objections to Deposition Testimony of Plaintiffs' Expert, Dr. John Peloza, and Brief in Support*, filed January 8, 2007;

(5) *Plaintiffs' Application Under Rule 32(A) to Use the Deposition of John Peloza, M.D. at Trial*, filed January 9, 2007; and

(6) *Appendix to Plaintiffs' Application Under Rule 32(A) to Use the Deposition of John Peloza, M.D. at Trial*, filed January 9, 2007.

After careful consideration of the pleadings and applicable law, *Plaintiffs' Application Under Rule 32(A) to Use the Deposition of John Peloza, M.D. at Trial* should be, and is hereby, **DENIED**.

## I. BACKGROUND

This is a personal injury action brought by Plaintiffs based on alleged injuries suffered by Dorothy Hegwood when, while shopping at one of the stores owned by Defendant Ross Stores, Inc. ("Ross"), she sat on a chair that collapsed. Heavy Metal, Inc. ("Heavy Metal) supplied the chair in question and is joined as a Defendant in this lawsuit. Counsel for all parties were present at the August 28, 2006 deposition of Dr. John Peloza, Plaintiffs' treating physician. Plaintiffs indicated their intention to submit Dr. Peloza's deposition for use at trial in the December 27, 2006 witness list filed before the Court. In response to Defendants' objection to the designation of Dr. Peloza as a witness by deposition, Plaintiffs submitted the instant motion. Plaintiffs assert that exceptional circumstances exist for allowing Dr. Peloza to testify by deposition instead of live testimony.

## II. ANALYSIS

Federal Rule of Civil Procedure 32(a)(3) limits the use of a deposition at trial to when the witness is unavailable or if exceptional circumstances exist. FED. R. CIV. P. 32(a)(3).[1] "A

---

[1] The rule reads as follows:

The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds: (A) that the witness is dead; or (B) that the witness is at a greater distance than 100 miles from the place of trial or hearing, or is out of the United States, unless it appears that the absence of the witness was procured by the party offering the deposition; or (C) that the witness is unable to attend or testify because of age, illness, infirmity, or imprisonment; or (D) that the party offering the deposition has been unable to procure the attendance of the witness by subpoena; or (E) upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used.

FED. R. CIV. P. 32(a)(3).

deposition is an acceptable substitute for oral testimony when in-court observation of the witness is extremely difficult or virtually impossible." *Jauch v. Corley*, 830 F.2d 47, 50 (5th Cir. 1987). The burden of establishing the unavailability of a witness or exceptional circumstances rests with the party seeking to introduce the deposition. *Id*.

In the instant case, Plaintiffs seek to introduce the deposition of the treating physician on the basis of exceptional circumstances.[2] Plaintiffs provide three reasons for why Dr. Peloza's deposition should be allowed. The first is that Dr. Peloza is a defendant in a state court case set for trial on Tuesday, January 23, 2007, the day after the instant case is scheduled to begin. The second reason is that Dr. Peloza maintains an active medical practice and that his appearance at court would inconvenience his patients. The final reason is that Plaintiffs estimate that it will cost approximately $10,000 to have Dr. Peloza testify at trial since he charges $4,000 per hour for trial testimony, plus $600 for document review.

None of the reasons provided by Plaintiffs rises to the level of an "exceptional circumstance," especially in light of the importance of presenting Dr. Peloza's testimony in open court.[3] Dr. Peloza's possible appearance in a state court matter on Tuesday, January 23, 2007, is neither a conflict nor an exceptional circumstance since he could testify on Monday, January 22, the first day of trial for the case before the Court, or his testimony could be scheduled around the state court matter. The Court notes that Dr. Peloza appears to have scheduled appointments during the scheduled state court matter based on the argument that requiring him to appear

---

[2] Plaintiffs do not contend that Dr. Peloza is unavailable as determined by FED. R. CIV. P. 32(a)(3)(A-D).

[3] Plaintiffs cite *Reber v. General Motors Corp.*, 669 F.Supp. 717 (E.D. Pa. 1987), in support of why Dr. Peloza's videotaped deposition should be allowed in lieu of his live testimony. (Mot. at 4.) This twenty year old, out of circuit case is easily distinguishable from the instant case in that the parties in *Reber* unconditionally agreed to present the testimony by means of videotape. (*Id*. at 720.)

would present an inconvenience to his patients. Any inconvenience to Dr. Peloza's patients likewise is not an exceptional circumstance, particularly since this Court set the trial date for this case more than six months ago. (*See Third Amended Order Regarding Case Management and Scheduling*, *Hegwood v. Ross Stores, Inc.*, No. 3:04-CV-2674-BH (N.D. Tex. issued July 5, 2006.)) Plaintiffs thus had ample time to notify Dr. Peloza of the trial date and for Dr. Peloza to reschedule any appointments, if necessary.

Plaintiffs' final grounds for "exceptional circumstances" is that Dr. Peloza's in-court testimony is estimated to cost approximately $10,000. In support of this argument, Plaintiffs cite *Borchardt v. United States* where the court found exceptional circumstances when live testimony would cost up to $1,250 for a claim with a value of $12,402.19. 133 F.R.D. 547 (E.D. Wis. 1991.) From the filings in the instant case, Plaintiffs claims exceed $300,000. Applying the *Borchardt* analysis, which found that live deposition testimony amounting to approximately 10% of the value of the claim constituted an exceptional circumstance, Dr. Peloza's testimony would have to cost $30,000. At roughly 3% of the minimum value of Plaintiffs' claim, the cost of Dr. Peloza's testimony does not rise to an exceptional circumstance, even if the Court were to apply the *Borchardt* analysis.[4] Plaintiffs fail to cite any Fifth Circuit case law indicating that cost is a factor for when it is acceptable for a deposition to eclipse the importance of testimony in open court before the jury. Plaintiffs have therefore failed to meet their burden of showing that the in-court testimony of Dr. Peloza is "extremely difficult or virtually impossible" to obtain. *Jauch*,

---

[4] Plaintiffs also cite *Robinson v. Food Service of Belton, Inc.* in support of its assertion that the Court consider cost in determining exceptional circumstances. 415 F.Supp.2d 1232 (D. Kan. 2005.) This case is inapplicable for two reasons. The first is that the deposition permitted in lieu of live testimony was from a witness unavailable pursuant to FED. R. CIV. P. 32(a)(3)(B) because her reserve unit was activated for military training in another state. The second is that the value of the claim amounted to $500, which is far less than Plaintiffs' claims.

830 F.2d at 50.

### III.  CONCLUSION

For the foregoing reasons, Plaintiffs have failed to establish that exceptional circumstances exist as to warrant the admission of Dr. Peloza's deposition in lieu of his testimony in open court.  Therefore, *Plaintiffs' Application Under Rule 32(A) to Use the Deposition of John Peloza, M.D. at Trial* is hereby **DENIED**.

**SO ORDERED** on this 16th day of January, 2007.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE