IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DOROTHY HEGWOOD, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:04-CV-2674-BH (G) |
| | § | |
| ROSS STORES, INC., | § | |
| | § | |
| Defendant. | § | Consent Case |

## MEMORANDUM OPINION AND ORDER

Pursuant to the District Court's *Order of Transfer*, filed February 22, 2005, and the consent of the parties, this matter has been transferred to the undersigned United States Magistrate Judge for the conduct of all further proceedings and the entry of judgment in accordance with 28 U.S.C. § 636(c). Before the Court are *Defendant Ross Stores, Inc.'s Motion for Additional Findings and Motion to Alter or Amend Judgment in Accordance with those Findings*, filed August 9, 2007; and *Defendant Heavy Metal, Inc.'s Response to Defendant Ross Stores, Inc.'s Motion for Additional Findings and Motion to Alter or Amend Judgment in Accordance with those Findings*, filed August 23, 2007.

## I. BACKGROUND

This is a personal injury action brought by Plaintiffs based on alleged injuries suffered by Dorothy Hegwood when, while shopping at one of the stores owned by Defendant Ross Stores, Inc. ("Ross"), she sat in a folding metal chair that collapsed. Defendant Heavy Metal, Inc. ("Heavy Metal") supplied the chair in question and is joined in this lawsuit. On June 7, 2005, Ross filed a third party complaint against Heavy Metal for indemnity; with leave of the Court, Ross formally

amended its complaint against Heavy Metal on June 27, 2006, to allege contractual indemnity and defense based on the purchase order agreement between Ross and Heavy Metal for the chair in question. On July 21, 2006, Ross moved for partial summary judgment on its claim of contractual indemnity and defense. The Court denied the motion on November 28, 2006, on the grounds that Ross had not met its burden to show that no genuine issues of material fact remained for trial. *Hegwood v. Ross Stores, Inc.*, 2006 WL 3422221, at *5 (N.D. Tex. Nov. 28, 2006) (Ramirez, J.).

At the time of the trial of this case in February 2007, the only claims pending against Ross were defective design, defective manufacture, and negligent failure to inspect the chair prior to placing it for sale on the sales floor. Claims against Heavy Metal at the time of trial consisted of defective design, defective manufacture, and negligent failure to inspect the Chair and manufacturing facilities in China. Immediately prior to jury selection on February 21, 2007, Ross and Heavy Metal jointly entered into a settlement with Plaintiffs on all claims against them.

Ross and Heavy Metal tried the remaining indemnity and defense claims to the Court from February 21 to 23, 2007. On July 28, 2007, this Court found that Ross failed to prove by a preponderance of the evidence that the chair in question was defectively designed or manufactured. *Hegwood v. Ross Stores, Inc.*, 2007 WL 2187245, at *12 (N.D. Tex. July 28, 2007) (Ramirez, J.). This Court also found that Ross failed to prove by a preponderance of evidence that the indemnity provision in the purchase order agreement between Ross and Heavy Metal required indemnity from Heavy Metal on Plaintiff's claims of negligence against Ross. *Id*. For these reasons, the Court found in favor of Heavy Metal on Ross's claim for indemnity and defense.

Pursuant to Federal Rule of Civil Procedure 52(b), Ross asks the Court to make additional findings regarding whether Ross was negligent and whether any such negligence was active or passive. (Mot. at 1-2). Ross also moves the Court to alter or amend its July 28, 2007 judgment in

accordance with the additional findings under Rule 59(e). Ross contends that the Court should enter additional findings because (1) they are material under controlling California precedent, and (2) making such findings will serve the purposes of judicial economy and prevent the unnecessary expense and delay of a retrial. (Mot. at 2).

## II. ANALYSIS

The indemnity and defense provision in the purchase order agreement between Ross and Heavy Metal states:

> [a]t its own expense, seller [Heavy Metal] will defend, indemnify, and hold harmless purchaser [Ross] (including payment of any royalties, license fees, investigation expenses, recall expenses, direct, consequential and incidental damages, and attorneys' fees incurred by purchaser or for which purchaser becomes liable) *from any claim, arising in connection with the merchandise* or in connection with this purchase order and transaction whether or not purchaser or seller has a valid defense to the claim, and regardless of whether the claim is true or valid. A "claim" includes but shall not be limited to any demand, lawsuit, arbitration, governmental action (including administrative proceeding), or any other legal proceeding (including a threat of any of the foregoing).

*Hegwood*, 2007 WL 2187245, at *2 (emphasis added). Ross contends that "any claim" includes Plaintiff's claims of negligence against Ross and that Heavy Metal is therefore required to provide indemnity and defense.

The Court first considered Ross's claim of contractual indemnity and defense in its order denying Ross's motion for partial summary judgment on this claim. The Court found that "[t]he key issue [is] whether the claims asserted by Plaintiffs, including Ross's own negligence and strict liability, are embraced by the indemnity." *Hegwood*, 2006 WL 3422221, at *3. The Court found that under a strict construction in accordance with California law, the indemnity provision did not embrace negligence. *Id*. (citing *Goldman v. Ecco-Phoenix Elec. Corp.*, 396 P.2d 377, 379 (Cal.1964)). The Court then considered the basis for Ross's argument, that at most it was only

passively negligent and thus was entitled to indemnity under California law. However, the Court never endorsed Ross's interpretation of California law. The Court noted that indemnity "*may depend on if Ross was actively or passively negligent in the events leading up to Plaintiffs' injury.*" *Id.* (emphasis added). The Court also noted that the active-passive dichotomy was only one approach to interpreting the indemnity provision. *Id.* at n.4 (noting that some California cases favor an approach that relies on contractual interpretation and the intent of the parties) (citing *Rossmoor Sanitation, Inc. v. Pylon, Inc.*, 532 P.2d 97, 104 (Cal.1975) and *Hernandez v. Badger Construction Equipment Co.*, 34 Cal.Rptr.2d 732, 749-51 (Cal.App. 4 Dist.1994)). Given the unresolved issues of intent, the circumstances of the injury, as well as the type of negligence alleged, the Court denied Ross's motion since genuine issues of material fact remained as to whether the indemnity provision embraced negligence. *Id.* at *5.

After denying Ross's partial motion for summary judgment, the Court again considered Ross's claim for contractual indemnity and defense when Ross and Heavy Metal tried the issue to Court from February 21 to 23, 2007. As discussed at length in its July 28, 2007 findings of fact and conclusions of law, this Court determined that the purchase order's indemnity provision did not encompass Plaintiff's claims of negligence against Ross based on (1) a strict construction of the language in the indemnity provision and (2) contractual interpretation. *See Hegwood*, 2007 WL 2187245, at *9-12. The Court first found that the lack of a clear and explicit agreement to indemnify Ross for its own negligence meant that negligence was not a matter embraced by the indemnity. *Id.* at *10 (citing CAL. CIV. CODE §§ 1654, 2778(4) and *Goldman*, 396 P.2d at 379). A second basis for denying Ross's demand for indemnity existed in contractual interpretation, which required an examination of the intent of the parties and the circumstances of the injury. *Id.* Because intent could not be inferred from the written indemnity clause, the Court considered extrinsic evidence. *Id.* at

*11 (citing CAL. CIV. CODE §§ 1636, 1639, 1860). The evidence submitted at trial of the intent of the parties was clear: Heavy Metal only agreed to "stand behind" its products, which both parties understood to be an indemnification for products liability and negligence by Heavy Metal, *not* negligence by Ross or Ross's customers.[1] *Id.*; *see id.* at *3, ¶¶19, 20. The circumstances of Plaintiff's injury, which showed that the chair was damaged to the extent that it was unable to support Plaintiff Dorothy Hegwood's weight sometime while in the exclusive possession of Ross, also supported the contractual interpretation that the indemnity provision does not encompass Plaintiff's claims of negligence against Ross. *Id.* at *11. Thus, for two independent reasons, strict construction and contractual interpretation, the Court found that the indemnity provision did not encompass Plaintiff's claims of negligence against Ross. Because negligence by Ross or Ross's customers was not a matter embraced by the indemnity provision, whether or not Ross or its customers were negligent was not a material finding.

In the instant motion (and in previous pleadings to the Court), Ross requests the Court to follow a third way to interpret the indemnity provision by determining whether any negligence by Ross was active or passive. (Mot. at 1-2). Ross contends that if it were merely passively negligent, then the purchase order agreement requires Heavy Metal to provide indemnity. However, as noted in both its denial of Ross's motion for partial summary judgment and in its July 28, 2007 ruling on the scope of the indemnity provision, the Court found that the active-passive dichotomy is not wholly dispositive. *See Hegwood*, 2007 WL 2187245, at *12, n.12; *Hegwood*, 2006 WL 342221,

---

[1] Ross objects to the Court's findings as to the intent of the parties' corporate representatives at the time they entered into the agreement. (Mot. Br. at 5, n.4). However, it is clear from the testimony that neither corporate representative testified that the indemnity provision was intended to cover any damage caused by Ross or Ross's customers. *See Hegwood*, 2007 WL 2187245, at *3, ¶¶19, 20 (citing Tr. Vol. 1 at 24-25 and Tr. Vol. 3 at 134-35, 145). In effect, Ross attempts to shift the burden to *the Court* to show that the parties did not intend to indemnify for Plaintiff's claims of negligence against Ross when it is *Ross's burden* to show that Plaintiff's claims of negligence against Ross were embraced by the indemnity. As the Court found in its July 28, 2007 order, Ross failed to prove this by a preponderance of the evidence.

at *3, n.4. Rather, the distinction between active and passive negligence is merely a guide to the interpretation of the contract, which the Court determined was not necessary in light of its other findings. *Hegwood*, 2007 WL 2187245, at *12, n.12.

Ross's argument in support of whether the active/passive negligence issue is material rests primarily upon note 12 in this Court's July 27, 2007 order. Ross contends that the Court "ignored" and "disregarded" explanatory language in *Rossmoor*, the leading case on the interpretation of indemnity provisions under California law. (Mot. Br. at 3-4). Essentially, Ross contends that because the Supreme Court of California examined active and passive negligence in *Rossmoor* to determine whether *that* indemnity provision encompassed negligence, so too should this Court when determining whether *this* indemnity provision encompasses negligence. However, *Rossmoor* held that while the distinction between active and passive negligence is a useful framework, "the question of whether an indemnity agreement covers a given case turns primarily on contractual interpretation." 532 P.2d at 104. This Court then examined the principles of contractual interpretation under California law and concluded that the purchase order agreement did not indemnify for negligence based upon (1) the lack of a clear and explicit agreement regarding negligence; and (2) contractual interpretation through (a) the evidence submitted at trial concerning the intent of the parties and (b) the circumstances leading up to Plaintiffs' injuries. *See Hegwood*, 2007 WL 2187245, at *9-12. These reasons were sufficient for the Court to determine the scope of the indemnity provision. As such, it was not necessary for the Court to determine whether Ross was negligent or whether any negligence was active or passive.

The instant motion presents neither new evidence nor new arguments; Ross merely restates the same arguments this Court considered on two previous occasions. Relying on the same evidence and case law, the Court reiterates that the issue of whether Ross was negligent was not material to

the determination that the indemnity provision does not encompass Plaintiff's claims of negligence against Ross. *A fortiori*, the issue of whether Ross was actively or passively negligent was not material, either. Ross's argument that a finding as to whether it was actively or passively negligent would serve the purposes of judicial economy is unpersuasive. It is not an efficient use of judicial resources for the Court to decide issues that are not material to the resolution of a case.

### III. CONCLUSION

For the foregoing reasons, *Defendant Ross Stores, Inc.'s Motion for Additional Findings and Motion to Alter or Amend Judgment in Accordance with those Findings* is hereby **DENIED**.

**SO ORDERED** on this 27th day of August, 2007.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE